UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALONZO HARVEY,<br><br>    Petitioner,<br>v.<br>F. GONZALES, *et al.*,<br><br>    Respondents. | Civil No. 10cv2235 JAH(RBB)<br><br>**AMENDED ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>[28 U.S.C. § 2254] |

## INTRODUCTION

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed an answer to the petition and petitioner filed a traverse. Pursuant to 28 U.S.C. § 636(b)(1), the Honorable Ruben B. Brooks, United States Magistrate Judge, submitted a report and recommendation ("report") to this Court recommending the instant petition be denied with prejudice. Objections to the report were due by March 16, 2012, but neither party filed objections. After careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court **ADOPTS** the magistrate judge's report in its entirety, **DENIES** the instant petition in its entirety and **DENIES** a certificate of appealability.

//

# BACKGROUND[1]

On November 21, 2009, petitioner was found guilty, after a jury trial, of premeditated attempted murder, kidnapping for robbery, and attempted robbery. Petitioner was subsequently sentenced to two life terms with the possibility of parole, plus fifty years to life, and five years. Petitioner appealed his conviction on January 20, 2009. The California Court of Appeal upheld petitioner's kidnapping for robbery and attempted robbery convictions but reversed his attempted murder conviction based on an erroneous jury instruction.

Petitioner appealed to the California Supreme Court on October 29, 2009, challenging the sufficiency of the evidence to convict him of aggravated kidnapping for robbery based on the instruction given to the jury. The California Supreme Court denied review without opinion on December 2, 2009. On October 27, 2010, petitioner filed the instant petition. Respondents filed an answer to the petition on January 5, 2011 and petitioner filed his traverse on February 17, 2011. The magistrate judge's report was filed on February 16, 2012. No objections to the report were filed by either party.

# DISCUSSION

## 1.   Legal Standard

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id.  When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only

---

[1] The underlying facts set forth in the report are adopted *in toto*, and referenced as if fully set forth herein. This Court provides only a brief procedural background.

relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*." Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

**2.     Analysis**

The Court received no objections to the report and no request for an extension of time in which to file any objections.  As such, the Court assumes the correctness of the magistrate judge's factual findings and adopts them in full.  The Court has conducted a *de novo* review, independently reviewing the report and all relevant papers submitted by both parties, and finds that the report provides a cogent analysis of the claims presented in the instant petition.

Specifically, this Court first agrees with the magistrate judge that Warden Gonzales is a proper respondent but former Attorney General Edmund G. Brown is not a proper respondent and should be dismissed.  Second, this Court agrees with the magistrate judge's determination that petitioner's first ground for relief has not been fully exhausted in state court but should, nevertheless, be addressed on the merits.  Based on a thorough *de novo* review of the record, this Court agrees with the magistrate judge's finding that the trial court did not err when it allowed the introduction of evidence regarding petitioner's parole status because it was not objectively unreasonable and thus not violative of due process.  This Court further agrees that petitioner has not demonstrated the trial court's failure to give a limiting instruction and tell the jury not to draw any inference from the references to petitioner's parole status rendered the entire trial fundamentally unfair because his parole status was not admitted to prove he had the propensity to commit the current crime and the court did not allow the prosecutor to discuss the prior conviction which led to petitioner's parole.  Thus, this Court agrees with the magistrate judge that the state court's rejection of petitioner's evidentiary error claim contained in ground one was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts.

Third, this Court agrees with the magistrate judge's findings and conclusion

concerning petitioner's second ground for relief based on the contention that there was insufficient evidence to support his conviction for kidnapping for robbery. This Court's *de novo* review of the record reflects the magistrate judge correctly determined that the evidence supports a finding that the kidnapping began upon petitioner's brandishing a weapon, demanding money and threatening the victim and that the victim's continuing movement was due to fear and the implied threat to keep moving. This Court agrees with the magistrate judge that a reasonable person would not feel free to stop or deviate from the original course after petitioner brandished his weapon and made the threat. Thus, viewing the evidence in the light most favorable to the prosecution, this Court agrees that a rational trier of fact would have found petitioner guilty beyond a reasonable doubt of kidnapping for robbery.

Lastly, this Court, after a thorough *de novo* review of the record, agrees with the finding that the state court's rejection of petitioner's claim regarding his conviction being based on the victim's failure to consent to her movement at the complex was not contrary to, or an unreasonable application of clearly established Supreme Court law. Accordingly, this Court ADOPTS the magistrate judge's report in full and DENIES the instant petition in its entirety.

**3.      Certificate of Appealability**

Pursuant to Rule 11 of the Rules following 28 U.S.C. § 2254, which was amended effective December 1, 2009, a district court now "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269–70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that

a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024–25 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000); Barefoot v. Estelle, 463 U.S. 880 (1983)).

This Court must decide whether to grant petitioner a certificate of appealability because denial of the instant petition constitutes a "final order adverse to the applicant." Based on this Court's review of the report, this Court finds that no issues are debatable among jurists of reason. This Court further finds that no issues could be resolved in a different manner. Lastly, this Court finds that no questions are adequate to deserve encouragement to proceed further. Accordingly, this Court **DENIES** petitioner a certificate of appealability.

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. The findings and conclusions of the magistrate judge presented in the Report and Recommendation are **ADOPTED** in their entirety;
2. The instant petition is **DENIED with prejudice** in its entirety.
3. The Clerk of Court shall enter judgment in accordance with this Order.

Dated: June 5, 2012

JOHN A. HOUSTON
United States District Judge